UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
John D. Norman                 )
                               )
        Plaintiff              )
    v.                         )    Civ. Action No. 04-1208 (EGS)
                               )
United States, et al.,         )
                               )
        Defendants.            )
_____)
```

**MEMORANDUM OPINION**

Pending before the Court is plaintiff John D. Norman's Motion to Reconsider and Reinstate his civil action for damages under the Federal Tort Claims Act ("FTCA"). Because the Court is persuaded that reinstatement would ultimately be futile given plaintiff's failure to exhaust his FTCA administrative remedies within the congressionally mandated limitations period, plaintiff's motion will be **DENIED**. *See Lepkowski v. United State Dep't of Treasury*, 804 F.2d 1310, 1314 (D.C. Cir. 1986)(motions for relief from judgment under Rule 60(b) are not to be granted where movant fails to demonstrate an underlying meritorious claim or defense).

**I.   BACKGROUND**

On December 22, 2003, plaintiff brought suit in the Superior Court for the District of Columbia against Earnest Edward Howe and the Erie Insurance Company, arising out of a motor vehicle-

1

pedestrian accident on January 4, 2001.  A few months after filing suit, it was revealed that defendant Howe was operating the vehicle within the scope of his employment with the United States Environmental Protection Agency at the time of the accident.  As a result, defendant removed the action to this Court, and the United States was substituted as the proper defendant under the FTCA.  *See* 28 U.S.C. § 2679(d)(2).[1]  The United States then moved to dismiss the suit as jurisdictionally barred by the filing requirements of the FTCA, which mandate that a claimant present an administrative claim to the appropriate federal agency within two years of the alleged wrongdoing.  *See* 28 U.S.C. §§ 2401(b), 2675.  Before the motion could be decided on the merits, however, plaintiff unexpectedly failed to meet a filing deadline and did not appear at a scheduled status conference.  The Court consequently dismissed plaintiff's complaint without prejudice, subject to the filing of a motion to

---

[1] 28 U.S.C. § 2679(d)(2).  Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.  Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.  This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

reconsider and reinstate the complaint for good cause shown.

**II.   DISCUSSION**

    **A.   Relief from Judgment under Rule 60(b)**

Federal Rule of Civil Procedure 60(b)(1) provides that a court may relieve a party from an adverse judgment based on "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1); *see Lepkowski*, 804 F.2d at 1311.  Plaintiff's counsel avers that his firm is unfamiliar with the Electronic Case Filing ("ECF") system used by this Court, and apparently failed to receive e-mail notification of the status conference.  Under the circumstances, and in light of the risk of prejudice to plaintiff should this Court not reach the merits of his case, the Court considers counsel's explanation to be excusable neglect within the meaning of the Rule.  Accordingly, the Court will reinstate the case if plaintiff is able to demonstrate an underlying meritorious claim.  *See Lepkowski*, 804 F.2d at 1314.  Defendant's motion to dismiss was fully briefed at the time the case was dismissed.  The remainder of this opinion, therefore, focuses on the merits of plaintiff's underlying claim.

    **B.   The Federal Tort Claims Act**

The FTCA, 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671-80, waives the United States' sovereign immunity with regard to various types of tort claims, and is the exclusive remedy in personal injury cases arising from the negligence of federal

3

employees acting within the scope of their employment. 28 U.S.C. § 2679(b)(1); *see United States v. Kubrick*, 444 U.S. 111, 117 (1979). The Act requires plaintiffs to exhaust their administrative remedies by first presenting their claims to the appropriate federal agency before instituting a civil action, *see* 28 U.S.C. § 2675(a), and contains a two-year statute of limitations, which provides that

> [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues ....

28 U.S.C. § 2401(b). In 1988, Congress amended the FTCA through passage of the Westfall Act to provide some relief for plaintiffs where the United States is unexpectedly substituted as a party defendant and the case is dismissed for failure to exhaust administrative remedies. The amendments provide those plaintiffs an additional sixty days to file an administrative claim with the appropriate agency *as long as the original lawsuit was commenced within the two year time period allowed for filing a claim*. See 28 U.S.C. § 2679(d)(5).[2]

---

[2] 28 U.S.C. § 2679(d)(5). Whenever an action or proceeding in which the United States is substituted as a party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if --
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

In this case, plaintiff filed suit in Superior Court two years and eleven months after his cause of action accrued. Therefore, the amendments embodied in section 2679 are unavailable for purposes of maintaining suit against the United States. Despite the statutory language, plaintiff argues that it would be unfair to hold him to the FTCA's two-year deadline because he filed within the District of Columbia's three-year statute of limitations, and he did not discover that defendant was a federal employee until it was too late. The Second Circuit has recognized precisely this dilemma, observing that "the Westfall Act provides no salve" where the federal statute of limitations is shorter than the state statute, and a plaintiff (reasonably thinking that he has a state law claim) brings suit within the state statute-of-limitations window but outside the federal one. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 84 (2d Cir. 2005)(noting that it may be "unjust" to treat such a timely state suit as federally barred). The *Celestine* court suggested that fairness may require the equitable tolling of the FTCA statute of limitations where there are federal-state disparities in statutes of limitations and where the FTCA suit was "brought originally in state court by plaintiffs who were unaware that the named tortfeasor was acting as an agent of the United States." *Id.* Accordingly, this Court will explore whether equitable tolling of the FTCA's two-year

statute of limitations may be justified in this case.

### C.   Equitable Tolling

Until recently, the D.C. Circuit treated the time limit for suing the government as "a jurisdictional condition attached to the government's waiver of sovereign immunity," and therefore not subject to equitable tolling.  *See, e.g., Spannaus v. United States Dep't of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987)(finding, in a FOIA case, that the six-year statute of limitations in § 2401(a) was "jurisdictional," and "as such must be strictly construed").  However, in 1990, the Supreme Court announced that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States."  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990)(rejecting the Fifth Circuit's jurisdictional reading of Title VII's filing deadline); *see generally Chung v. United States Dep't of Justice*, 333 F.3d 273, 277 (D.C. Cir. 2003)(rejecting jurisdictional nature of Privacy Act statute of limitations in light of *Irwin*).

Although the D.C. Circuit has not squarely addressed this issue in the FTCA context, *see Thomas v. United States Parole Comm'n*, 2004 WL 758966 (D.C. Cir. 2004)(assuming without deciding that the statute of limitations period in section 2401(b) is subject to equitable tolling), several other circuits have held that equitable tolling of the FTCA statute of limitations is

appropriate in certain circumstances.  *See, e.g., Perez v. United States*, 167 F.3d 913, 917 (5th Cir. 1999); *Glarner v. United States Dep't of Veterans Admin.*, 30 F.3d 697, 701 (6th Cir. 1994); *Schmidt v. United States*, 933 F.2d 639, 640 (8th Cir. 1991).  Accordingly, it appears that this Court retains its equitable authority to toll the FTCA's statute of limitations in appropriate circumstances.

In determining whether equitable tolling is justified in this case, this Court will follow the Supreme Court's guidance that

> [w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.  We have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights ... [Moreover,] the principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect.

*Irwin*, 498 U.S. at 96.  The D.C. Circuit has further distinguished between the doctrine of "equitable estoppel," which "precludes a defendant, because of his own inequitable conduct -- such as promising not to raise the statute of limitations defense -- from invoking the statute of limitations," and the doctrine of "equitable tolling," which "applies most commonly when the plaintiff 'despite all due diligence ... is unable to obtain vital information bearing on the existence of his claim.'"

7

*Chung*, 333 F.3d at 278 (citing *Currier v. Radio Free Europe*, 159 F.3d 1363, 1367 (D.C. Cir. 1998)).

In *Bryant v. United States*, Judge Davidson of the Northern District of Mississippi considered equitable tolling on facts nearly identical to the instant case. *See* 96 F. Supp. 2d 552 (N.D. Miss. 2000).  Plaintiff Willie Bryant, who was involved in a motor vehicle accident in Indianola, Mississippi, found himself in a bind when the defendant, a federal employee, removed the case from Sunflower County Circuit Court and substituted the United States as the proper defendant.  Because Bryant filed suit in state court some two years and eight months after his claim accrued, the United States moved to dismiss pursuant to the FTCA.  Claiming that he did not realize, until it was too late, that the defendant was a federal employee, Bryant sought additional time to comply with the FTCA exhaustion requirements.  Judge Davidson, however, declined to equitably toll the FTCA's statute of limitations, finding that

> this is simply a 'garden variety' claim of excusable neglect.  Unlike the plaintiffs in *Burnett* or *Perez*, Bryant did not exercise due diligence.  Instead, he simply sat on his rights until the two year statute of limitations had passed. He did not file his claim in any court before the expiration of the FTCA statute of limitations nor did the government induce him into allowing the filing deadline to pass.  While federal employees may not be especially plentiful in Indianola, Mississippi, the court is of the opinion that had Bryant exercised due diligence and actively pursued his judicial remedies, he could have determined Horne's status as a federal employee within the two year limitations period. Bryant, however, failed to do so.  As such, the court

>declines to equitably toll the FTCA's two year statute of limitations in Bryant's favor.

*Id.* at 555.

While federal employees may not be especially plentiful in Indianola, Mississippi, they certainly are in Washington, D.C. and its metropolitan area.  Therefore, Judge Davidson's reasoning applies with even greater force in this case.  The doctrine of equitable tolling "ensures that the plaintiff is not, by dint of circumstances beyond his control, deprived of a 'reasonable time' in which to file suit." *Chung*, 333 F.3d at 279.  The case law makes clear that this requires a party seeking to toll the statute of limitations to act with reasonable diligence to determine, within the limitations period, the circumstances surrounding his case that may limit the causes of action available to him.  Because reasonable diligence would likely have revealed Mr. Howe's status as a federal employee within two years of plaintiff's unfortunate accident, this Court will decline to equitably toll the FTCA's statute of limitations.  As a result, plaintiff's failure to exhaust his administrative remedies pursuant to section 2675(a) deprives this Court of jurisdiction and leads to the inevitable conclusion that plaintiff is not entitled to relief from judgment under Rule 60(b).

### III. CONCLUSION

Accordingly, plaintiff's motion will be **DENIED** and

plaintiff's Complaint will be **DISMISSED WITH PREJUDICE**.  A separate Order and Judgment accompanies this Memorandum Opinion.


 **Signed:   Emmet G. Sullivan**
            **United States District Judge**
            **July 11, 2005**